IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 22-cv-01832-LTB-GPG

CHRISTOPHER J. CORDOVA,

    Plaintiff,

v.

NURSE KAUTZ,
VICKIE NIRA,
JEREMY LONG,
DOCTOR IBBISON,

    Defendants.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Amended Prisoner Complaint (ECF No. 12) filed *pro se* by Plaintiff Christopher J. Cordova on September 26, 2022. The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 15).[1]

The Court must construe the Amended Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date.  The Court has considered the entire case file and the applicable law, and is sufficiently advised in the premises.  This Magistrate Judge respectfully recommends that the Amended Prisoner Complaint be dismissed.

## I. DISCUSSION

**A.     Background**

Plaintiff is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility (SCF) in Sterling, Colorado.  He commenced this action *pro se* on July 22, 2022 (ECF No. 1) and on August 11, 2022, he filed a Prisoner Complaint (ECF No. 6).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 8).

On September 7, 2022, the Court ordered Plaintiff to file an Amended Prisoner Complaint within 30 days addressing specified pleading deficiencies in the Prisoner Complaint.  (ECF No. 11).  Plaintiff filed an Amended Prisoner Complaint on September 26, 2022 (ECF No. 12), which is the operative pleading in this action.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  He pleads one claim for relief in the Amended Prisoner Complaint, asserting a violation of his Eighth Amendment rights based on alleged delay in his medical treatment for an acute hernia. (*See* ECF No. 12 at 3, 5-14).

Plaintiff names Trisha N. Kautz, a nurse practitioner at the SCF, as one of four defendants in this action.  He alleges that on December 14, 2020, he submitted a kite

requesting an appointment with Defendant Kautz because he was in massive pain and discomfort as a result of an acute hernia. (*Id.* at 9). He alleges that on an unspecified date or dates between September 22, 2020, and January 1, 2021, he was seen by a specialist, but "it was the wrong specialist." (*Id.*). He alleges that on February 8, 2021, he submitted a kite to Defendant Kautz asking to be seen by a provider. (*Id.*). Plaintiff makes no further allegations concerning Defendant Kautz.

Plaintiff also names Vickie Nira, an "HSA"[2] at the SCF, as a defendant. He alleges that on April 12, 2021, he was informed that Defendant Nira had "determined to put an outside consult in for a CT scan," that "they" were waiting on the results, that "[o]nce received, she will determine the next steps," and that Plaintiff had "follow-up appointments scheduled." (*Id.* at 10). He alleges that on June 10, 2021, Defendant Nira responded to a kite by stating that a CAT scan had been performed on April 9, 2021. (*Id.* at 11). He states that, "however, the results of said CAT scan was never provided" to him. (*Id.* at 11-12). Plaintiff further alleges that on November 28, 2021, Defendant Nira stated that "'Plaintiff was on the list to be seen by the surgeon,' but eighteen week elapsed and Plaintiff still wasn't taken to be seen by said surgeon which in all has been eighteen months from the beginning of this injury occurring." (*Id.* at 12). Plaintiff makes no further allegations concerning Defendant Nira.

Plaintiff also names Jeremy Long, a doctor at the SCF, as a defendant. The only allegation Plaintiff makes against Defendant Long is that "Plaintiff received an appointment slip on or about October 13, 2021 stating that he had an appointment with a Dr. Long and could address his Chronic care concerns then. But, upon meeting with

---

[2] Plaintiff does not state what the abbreviation "HSA" stands for.

Dr. Long he stated that 'there was nothing he could do, that it was up to CDOC's decision to approve the care needed for Plaintiff's serious medical needs.[']"  (*Id.*).

The last named defendant is Defendant Andrea Ibbison, a nurse practitioner at the SCF.  Plaintiff alleges that on April 21, 2021, he received a report in which Defendant Ibbison stated that "there were some signs of inflammation concerning acute hernia.["]  (*Id.* at 9).  Plaintiff makes no further allegations against Defendant Ibbison.

Plaintiff alleges that on January 6, 2022, he was told by a Dr. Alzhemer, who is not named as a defendant in this action, that "he would do the surgery in about two weeks . . . ."  (*Id.* at 13).  Finally, he alleges that on February 23, 2022, he sent a kite concerning the delay in getting medical attention, and was told in response that "the medical department was waiting on the March 25, 2022 surgeon referral to the biology department to confirm the progress."  (*Id.* at 12).

Plaintiff sues all defendants in their individual capacities only.  He seeks monetary damages and declaratory relief.

**B.    Analysis**

As Plaintiff was advised in the order to amend, Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Plaintiff was advised that in order to comply with Rule 8, he must allege clearly and concisely what each defendant actually did to Plaintiff, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007) (citations omitted).  Vague and conclusory allegations are insufficient.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) *aff'd*, 961 F.2d 916 (10th Cir. 1992).  In a case with multiple defendants, the plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom, . . .* as distinguished from collective allegations.  When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice."  *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).

Plaintiff further was advised that in order to pursue § 1983 individual capacity claims, he must adequately allege each defendant's personal participation in the alleged violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  He was warned that he must allege facts showing an affirmative link between the alleged constitutional violation and each defendant's participation, control, direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Finally, Plaintiff was advised that in order to state an Eighth Amendment violation based on inadequate medical care, he must allege facts that demonstrate deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  "A claim of deliberate indifference includes both an objective and a subjective component."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 1192-93 (internal quotation marks omitted).  Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  A "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).  The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain.  *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).  Medical malpractice is not a constitutional violation merely because the alleged victim is a prisoner.  *See Estelle*, 429 U.S. at 106.  Furthermore, mere disagreement with prison officials regarding medical care does not satisfy the subjective prong of an Eighth Amendment claim.  *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoners do not have an Eighth Amendment right to a particular course of treatment).

      Here, Plaintiff fails to allege facts showing the personal participation of any of the four named defendants in the violation of his Eighth Amendment rights.  While Plaintiff alleges that his medical care was delayed, he fails to allege specific facts showing that any of *these named defendants* personally participated in that alleged delay.  Again, Plaintiff alleges that he submitted two kites to Defendant Kautz requesting medical appointments, and that, in response, he was given medical appointments (although they were with the "wrong" provider or providers).  He alleges that Defendant Nira reported that a CAT scan had been performed and that Plaintiff was on the list to be seen by a surgeon.   He alleges that Defendant Long told him that it was up to the CDOC to approve his care.   Finally, he alleges that Defendant Ibbison stated in a report that "there were some signs of inflammation concerning acute hernia."  None of these allegations reflect that any named defendant personally participated in a failure to take

6

reasonable measures to abate a substantial risk of serious harm to Plaintiff. *See Farmer*, 511 U.S. 847. Although Plaintiff alleges that his medical care has been delayed, he fails to allege clear facts indicating that *the named defendants* caused or otherwise personally participated in that alleged delay. For these reasons, Plaintiff fails to provide a short and plain statement of his claims that demonstrates he is entitled to relief in this action. Therefore, the Prisoner Complaint should be dismissed for failure to comply with the pleading requirements of Rule 8.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Amended Prisoner Complaint (ECF No. 12) and the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Rule 8.

DATED November 4, 2022.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge